UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARY ANN DAVIS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-00086 |
| | § | |
| CENTRAL MUTUAL | § | |
| INSURANCE COMPANY AND | § | |
| FROST INSURANCE AGENCY, | § | |
| INC. | § | |

## NOTICE OF REMOVAL

Defendant, Central Mutual Insurance Company (hereinafter referred to as "Central"), hereby

files this Notice of the Removal of this case from the 377th Judicial District Court of Victoria

County, Texas, to the United States District Court for the Southern District of Texas, Victoria

Division, pursuant to 28 U.S.C. § 1441 and 1446(b) and would show the Court as follows:

1.

Central has been sued in Cause No. 19-08-84892-D, entitled "Mary Ann Davis v. Central

Mutual Insurance Company and Frost Insurance Agency, Inc." currently pending in the 377th Judicial

District Court of Victoria County, Texas.  That lawsuit was originally filed on August 23, 2019 in

the 377th Judicial District Court of Victoria County, Texas.

2.

Central was formally served with Plaintiff's lawsuit on August 29, 2019.  Central is filing

this notice well prior to thirty days from that date, thereby making this removal timely under 28

U.S.C. § 1446(b).

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen

of the State of Texas, being an individual residing and domiciled in the State of Texas.

4.

At the date of commencement of this action and at all pertinent times, Central is a citizen of the State of Ohio, being an insurance company incorporated in the State of Ohio, and having its principal place of business in the State of Ohio.

5.

At all times relevant herein, Defendant Frost Insurance Agency, Inc. ("Frost") is a citizen of the State of Texas, being a corporation formed under the laws of the State of Texas and having its principal place of business in the State of Texas.

6.

The citizenship of Defendant Frost is not considered for jurisdictional purposes, as its joinder in this lawsuit is fraudulent/improper, since Plaintiff has no viable cause of action against Frost, nor has Plaintiff sufficiently pled any viable cause of action against Frost for purposes of keeping this lawsuit from being removed to federal court.  Likewise, as Frost was fraudulently/improperly joined, its consent to this removal is not required. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.) 1993).

7.

Plaintiff asserts a negligence claim against Frost, asserting that if the loss is not covered, then Frost was negligent in failing to obtain coverage requested by her, including ensuring that the building and all of its contents were covered and for the proper amount. Paragraphs 32-33 of Plaintiff's Original Petition.  The Texas Supreme Court has rejected the attempt to impose liability on an insurance agent merely because the insurance policy does not cover the loss.  *May v. United*

*Servs. Ass'n of Am.*, 844 S.W.2d 666, 672 (Tex. 1992); *Townsend v. State Farm Lloyds*, 1998 WL 724016, at \*4 (Tex.App.-Houston [1ˢᵗ Dist.] 1998, no pet.); *Choucroun v. Sol. L. Wisenberg Insurance Agency-Life & Health Division, Inc.*, 2004 WL 2823147, at \*6 (Tex.App.-Houston [1ˢᵗ Dist.] 2004, no pet.).  As *Choucroun* shows, the fact that the policy in this case does not cover what the insured believed the policy would cover does not state a viable claim against the insurance agent.  See also *Universal Casualty Company v. A. E. Consultants, LLC*, 2009 WL 10697417, at \*12 (S.D. Tex. 2009) (holding a claim against an insurance agent of negligent failure to procure insurance because the loss was not covered under the insurance policy failed as a matter of law under *May*); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692 (Tex.App.-San Antonio 1998, no pet.) (finding the agent did not breach the duty to use reasonable diligence in attempting to place the requested insurance, because the agent provided a policy of insurance in accordance with his understanding of the insured's expectations); *Druker v. Fortis Health*, 2007 WL 38322, at \*4 (S.D. Tex. 2007) (allegation that insurer did not honor the agreement with the plaintiff, and that it never intended to do so, was not sufficient to state viable claim against the insurance agent).

8.

Plaintiff's  petition does not state any facts revealing Frost failed to obtain the policy requested by Plaintiff.  This is important, because in determining whether a possible claim exists against the non-diverse defendant, the court looks to the **facts alleged** in the petition filed in state court.  *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5ᵗʰ Cir. 1979); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 551 (5ᵗʰ Cir. 1981).  This is further critical, because where the insurance agent obtains the type of coverage requested, the agent has not breached any duty to the insured.  *R&M Mixed Beverage Consultants, Inc. v. Safe Harbor Benefits, Inc.*, 578 S.W.3d 218, 234

(Tex.App.-El Paso 2019, no pet.).

9.

Under the piercing of the pleadings allowed by *Smallwood v. Illinois Central R.R. Co.*, 385 S.W.3d 568, 573 (5th Cir. 2004), Plaintiff has omitted the pertinent facts that the policy issued to her was issued exactly as she requested, being to Mary Ann Davis DBA Past Times.  As Plaintiff got the exact policy she requested, Plaintiff's negligence claim against Frost would fail as a matter of law.

10.

Plaintiff's only other claim asserted against Frost is that Frost misrepresented that the policy covered all of the contents in the building, subject to the limits contained in the policy.  Paragraph 34 of Plaintiff's Original Petition.  This non-specific allegation would not be sufficient to make out a representation claim against Frost.

11.

Plaintiff's misrepresentation claim would have to satisfy Federal Rule 9(b) in order to state a misrepresentation claim against Frost.  Claims for misrepresentations are subject to the heightened pleading requirements of Rule 9(b).  *DiNoto v. USAA Cas. Ins. Co.*, 2014 WL 4923975 at *6 (S.D.Tex. 2014); *Dalton v. State Farm Lloyd's, Inc.,* 2013 WL 3157532 (S.D.Tex.2013); *Frith v. Guardian Life Ins. Co. of America,* 9 F.Supp.2d 734, 742-43 (S.D.Tex.1998); *Williams v. WMX Technologies, Inc.*, 112 F.3d at 177–78 (5th Cir. 1997); *Jay Freeman Co. v. Glens Falls Ins. Co.,* 486 F.Supp. 140, 141 n. 1 (N.D.Tex.1980); *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107 (S.D.Tex.1994); *South Austin Pharmacy, LLC v. Pharmacists Mut. Ins. Co.*, 2015 WL 2445969, at *2-3 (W.D.Tex. 2015).  Rule 9(b) has been applied to claims for both negligent and intentional misrepresentation.  *Reece v. Chubb Lloyds Ins. Co. of Texas*, 2011 WL 841430 (2011); *Partain v.*

*Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 558–59 (S.D. Tex. 2012), aff'd sub nom. *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014); *Miller v. Allstate Texas Lloyd's*, 2017 WL 3335997 (S.D. Tex. 2017).

12.

Rule 9(b) requires the claimant to plead the "particulars of time, place, and contents of the false representations as well as the identity of the person making the misrepresentation and what he obtained thereby."   *U.S. ex rel Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir.2004); *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992). Plaintiff's misrepresentation claim does not contain any allegation about who with Frost made any misrepresentation to Plaintiff, when that misrepresentation occurred, what specifically had been represented to Plaintiff, and how that misrepresentation occurred.  This would constitute a failure to satisfy Rule 9(b), since Plaintiff has not alleged the specifics (such as the when, where, who, what and how) concerning Plaintiff's misrepresentation claim.  Plaintiff has similarly failed to allege that it relied on the claimed  misrepresentation by Frost.  Plaintiff's misrepresentation claim thus fails to satisfy Rule 9(b), so that no viable misrepresentation claim has been pled by Plaintiff against Frost.

13.

Finally, Plaintiff also does not plead a viable misrepresentation claim because Plaintiff does not allege that Frost misrepresented specific policy terms.  *See Druker v. Fortis Health*, 2007 WL 38322, at *5 (S.D.Tex. Jan.4, 2007) ("Regarding Plaintiff's DTPA and [Texas Insurance Code] claims, another established prerequisite to recovery ... is that the alleged misrepresentation by the insurance agent pertain to 'specific policy terms.' "); *Lopez v. OM Fin. Life Ins. Co.*, 2009 WL

2591245, at *2 (S.D.Tex. Aug.19, 2009) (finding improper joinder when the plaintiff's DTPA allegations failed to identify a specific policy term that the insurance agent misrepresented). The allegation that "the policy covered all of the contents in the building" is a broad and vague promise of coverage at best, but it is not actionable under cases such as *Druker* and *Lopez*, because the insured has not alleged that the insurance agent misrepresented a specific term of the policy.

14.

The amount in controversy required for diversity jurisdiction is clearly met in this case, as Paragraph 8 of Plaintiff's Original Petition states the amount in controversy is between $200,000 and $1,000,000, thereby satisfying the necessary amount in controversy requirement for diversity of citizenship jurisdiction.

15.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Central, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states. This is demonstrated by Paragraph 8 of Plaintiff's Original Petition as set forth above, where Plaintiff alleges she is seeking monetary relief over $200,000 and under $1,000,000..

16.

Copies of all the pleadings which have been filed in this action to date and which are attached as Exhibit "A" include the following:

a.      Plaintiff's Original Petition;

b.      Frost's Original Answer;

c.      Frost's Jury Demand; and

d.      Citation served on Central.

To the best of Central's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.

Wherefore, Defendant, Central Mutual Insurance Company, prays that this action be removed to this Court from the 377th Judicial District Court of Victoria County, Texas and for further proceedings as may be necessary.

Respectfully submitted,


/S/Russell J. Bowman
Russell J. Bowman, Attorney in Charge
Texas State Bar No. 02751550
Southern District Bar No. 20283
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR DEFENDANT
CENTRAL MUTUAL INS. CO.


CERTIFICATE OF SERVICE

This is to certify that on September 22, 2018, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Southern District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served a true and correct copy of the foregoing document as indicated below, on this the 22nd day of September, 2018:

Mr. Jeffrey G. Henry                          VIA E-MAIL - jeff.henry@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
Las Cimas III
805 Las Cimas Pkwy, Suite 350
Austin, Texas 78746

Mr. Nick Lanza      VIA EMAIL - eservice@lanzalawfirm.com
Mr. Stew Schmella     VIA E-MAIL - sschmella@lanzalawfirm.com
LANZA LAW FIRM, P.C.
4950 Bissonnet Street
Houston, Texas 77401


         /S/Russell J. Bowman_____
         Russell J. Bowman

# EXHIBIT A

Filed 8/23/2019 5:52 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. **19-08-84892-D** _____

| | | |
|---|---|---|
| MARY ANN DAVIS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | VICTORIA COUNTY, TEXAS |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY and FROST INSURANCE | § | |
| AGENCY, INC., | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Mary Ann Davis files this Original Petition complaining of Defendants Central Mutual Insurance Company and Frost Insurance Agency, Inc.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted in accordance with a Level 3 discovery control plan. Tex. R. Civ. P. 190.4.

### PARTIES

2.      Plaintiff Mary Ann Davis resides in Victoria County, Texas.

3.      Defendant Central Mutual Insurance Company is a foreign mutual insurance company licensed by the Texas Department of Insurance to engage in the business of insurance in the State of Texas. Central Mutual Insurance may be served with citation by serving its designated agent, Corporate Creations Network, Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056-5318.

4.      Defendant Frost Insurance Agency, Inc. is a Texas corporation which may be served with citation by serving its registered agent, Trey Banack, 111 W. Houston Street, San Antonio, Texas 78205.

## JURISDICTION AND VENUE

5.    The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

6.    Venue is proper in Victoria County, Texas, because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Victoria County.

## CONDITIONS PRECEDENT

7.    All conditions precedent to the filing of this action have occurred, have been performed, or have been waived.

## TRCP 47 STATEMENT

8.    Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## FACTUAL BACKGROUND

9.    Hurricane Harvey hit the Texas coast on August 25, 2017, as a Category 4 hurricane. It loomed over and near the Texas coast for four days, dropping historic amounts of rainfall and causing catastrophic flooding. The total damage caused by Harvey was an estimated $125 billion, making it the second-most costly hurricane in U.S. history. The City of Victoria was spared from neither its winds nor the rain.

10.    Mary Ann Davis owns a building located in Victoria that was severely damaged a by Hurricane Harvey's winds and rain. The great majority of the contents of the building were either destroyed or damaged. Years prior to Hurricane Harvey, Mrs. Davis obtained insurance coverage for her building and its contents through Frost Insurance Agency, a local insurance agency in Victoria. Frost Insurance Agency knew

what insurance coverage Mrs. Davis wanted and continued to renew her coverage each year. One of the insurers, Central Mutual Insurance, issued Mrs. Davis Policy No. CLP 8369450, insuring her premises and the contents therein, for the period beginning on September 25, 2016, and ending on September 25, 2017 ("Policy").

11.     Mrs. Davis timely reported a claim under the Policy to Central Mutual Insurance for damages to her building and its contents. The total amount of her claim was $374,000. To date, Central Mutual Insurance has failed and refused to pay half of her claim. In that regard, Central Mutual Insurance has misrepresented to Mrs. Davis and made untrue statements of material fact and material misstatements of applicable law regarding her status as an insured and her rights under the Policy, failed to promptly provide Mrs. Davis a reasonable explanation of the basis of its denial of her claim, failed to comply with the statutory timelines pertaining to her claim, and failed to conduct a reasonable investigation with respect to her claim. For example, with respect to its failure to conduct a reasonable investigation, Central Mutual Insurance denied Mrs. Davis' claim for damage to a rug because Central Mutual Insurance insisted that the rug was in a different location than it actually was. After Mrs. Davis proved to Central Mutual Insurance that its assumption regarding the rug's location was incorrect – which it would have known had it made a reasonable investigation – Central Mutual Insurance begrudgingly paid that portion of the claim and blamed Mrs. Davis for its own error.

12.     Month after month, year after year, Mrs. Davis paid her insurance premiums when due. And month after month, year after year, Mrs. Davis' insurers, including Central Mutual Insurance, cashed her premium checks. In return, Mrs. Davis

assumed that Central Mutual Insurance would honor its obligations and duties by conducting a reasonable investigation and making a prompt, fair, and equitable settlement of her claim. Unfortunately, she was mistaken.

13. Mrs. Davis gave Central Mutual Insurance and Frost Insurance Agency timely notice of her claims, as required by law.

## DECLARATORY JUDGMENT

14. Mrs. Davis incorporates the preceding paragraphs for all purposes as if set forth fully herein.

15. Pursuant to Chapter 37 of the Civil Practice & Remedies Code, Mrs. Davis requests that the Court determine and declare her rights under the Policy. Specifically, she requests that the Court declare that she is the insured under the Policy, the items of loss for which she has not received payment are covered under the Policy, and Central Mutual Insurance is obligated under the Policy to pay for such items of loss under the terms of the Policy.

## CAUSES OF ACTION – CENTRAL MUTUAL INSURANCE

### A. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

16. Mrs. Davis incorporates the preceding paragraphs for all purposes as if set forth fully herein.

17. Mrs. Davis sues Central Mutual Insurance for breach of its common law duty of good faith and fair dealing based on its denial and/or delayed payment of her claim.

18. Mrs. Davis would show that from and after the time Central Mutual Insurance received her claim, Central Mutual Insurance's liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis on which a reasonable insurance company would have relied to deny or delay payment of Mrs. Davis' claim, Central Mutual Insurance refused to accept and timely pay Mrs. Davis claim as required by the Policy. Central Mutual Insurance knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. Central Mutual Insurance failed to conduct a reasonable and proper investigation of Mrs. Davis' claim and refused to rely on true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying the claim.

19. Central Mutual Insurance's breached its duty to deal fairly and in good faith with Mrs. Davis proximately caused damages to Mrs. Davis, for which compensation is now sought.

20. Mrs. Davis also seeks an award of exemplary damages in an amount to be assessed by the trier of fact.

## B. VIOLATIONS OF TEXAS INSURANCE CODE

21. Mrs. Davis incorporates the preceding paragraphs for all purposes as if set forth fully herein.

22. Mrs. Davis sues Central Mutual Insurance for violations of the Texas Insurance Code.

23. Mrs. Davis would show that Central Mutual Insurance violated Section 541.060 of the Texas Insurance Code by, among other things: (1) failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of her claim with respect to which its liability has become reasonably clear; (2) failing to promptly provide to her a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Central Mutual Insurance's denial of her claim or offer of a compromise settlement of her claim; (3) failing within a reasonable time to affirm or deny coverage of her claim; and (4) refusing to pay her claim without conducting a reasonable investigation with respect to the claim.

24.     Mrs. Davis would also show that Central Mutual Insurance violated Section 541.061 of the Texas Insurance Code by, among other things, misrepresenting to Mrs. Davis and making untrue statements of material fact and material misstatements of applicable law regarding her status as an insured and her rights under the Policy.

25.     As a result, Mrs. Davis is entitled to recover from Central Mutual Insurance actual damages pursuant to Section 541.152(a), which include amounts due under the Policy, amounts outside of the Policy including Mrs. Davis' mental anguish and business losses resulting from Central Mutual Insurance's violations of Section 541.060. In addition, because Central Mutual Insurance knowingly violated Section 541.06, Mrs. Davis is entitled to additional damages in an amount not to exceed three times the amount of actual damages pursuant to Section 541.152(b).

26.     Mrs. Davis would also show that Central Mutual Insurance violated the unfair claim settlement practices and the prompt payment of claims provisions in Section 542.001 et seq. of the Texas Insurance Code by, among other things: (1) not timely acknowledging, investigating, or requesting information about her claim; (2) not timely

accepting, rejecting, or extending the deadline for deciding the claim; and (3) not timely paying the claim.

27.    As a result, Mrs. Davis is entitled to recover as damages the remedies provided by Section 542.060, including damages at the rate of 18% per year as damages together with attorney's fees taxed as part of the costs.

**C.    BREACH OF CONTRACT**

28.    Mrs. Davis incorporates the preceding paragraphs for all purposes as if set forth fully herein.

29.    Mrs. Davis sues Central Mutual Insurance for breach of contract.

30.    Mrs. Davis would show that Central Mutual Insurance had a contractual duty to pay Mrs. Davis' claim for all items of loss covered under the Policy. Central Mutual Insurance breached its contractual obligations by failing to pay Mrs. Davis' claim. Central Mutual Insurance's breach was the legal cause of damages to Mrs. Davis, for which compensation is now sought.

**CAUSES OF ACTION – FROST INSURANCE AGENCY**

**A.    NEGLIGENCE AND MISREPRESENTATION**

31.    Mrs. Davis incorporates the preceding paragraphs for all purposes as if set forth fully herein.

32.    If for any reason should it be determined that the items of damages in Mrs. Davis' claim are not covered under the Policy, Mrs. Davis sues Frost Insurance Agency for negligence and misrepresentation.

33.     Mrs. Davis would show that Frost Insurance Agency was negligent in that it failed to procure the insurance coverage requested by and on behalf of Mrs. Davis, including ensuring that the building and all of its contents were covered and for the proper amount. Frost Insurance Agency's breach proximately caused damages to Mrs. Davis, for which compensation is now sought.

34.     Mrs. Davis would also show that Frost Insurance Agency misrepresented that the Policy covered all of the contents in the building, subject to the limits contained in the policy. Frost Insurance Agency's breach proximately caused damages to Mrs. Davis, for which compensation is now sought.

## ATTORNEYS' FEES AND COSTS

35.     Mrs. Davis incorporates the preceding paragraphs for all purposes as if set forth fully herein.

36.     It was necessary for Mrs. Davis to retain the services of the undersigned counsel to pursue her claims herein. Mrs. Davis seeks an award of her reasonable attorneys' fees, costs, and expenses as permitted and authorized under Chapter 37 of the Texas Civil Practice & Remedies Code, Chapter 38 of the Texas Civil Practice & Remedies Code,  and Section 541.001 et seq., Section 542.001 et seq., and Section 542A.001 et seq. of the Texas Insurance Code.

## RELIEF REQUESTED

WHEREFORE, Mary Ann Davis prays that upon trial and hearing, the Court enter judgment in her favor against Central Mutual Insurance and Frost Insurance Agency on all of her claims stated herein, as follows:

a.   Declaration of coverage under the Central Mutual Insurance policy;

b.   Actual damages for a sum within the jurisdictional limits of the Court;

c.   Damages as provided under Section 541.152(a), Section 541.152(b), Section 542.060 of the Texas Insurance Code and/or Section 17.50(b) of the Texas Business & Commerce Code;

d.   Prejudgment and post-judgment interest as provided by law;

e.   Attorney's fees;

f.   Costs of the suit; and

g.   Such other and further relief to whichshe may be justly entitled.

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC

*/s/ Jeffrey G. Henry*
Jeffrey G. Henry
State Bar No. 09479440
Las Cimas III
805 Las Cimas Pkwy, Suite 350
Austin, Texas 78746
Telephone: (512) 615-6650
Facsimile: (512) 328-6680
Email: *jeff.henry@sprouselaw.com*

**ATTORNEYS FOR PLAINTIFF
MARY ANN DAVIS**

AUG 2 9 2019

Filed 9/17/2019 2:32 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Rhonda Stone

## CAUSE NO. 19-08-84892-D

| | | |
|---|---|---|
| **MARY ANN DAVIS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **VICTORIA COUNTY, TEXAS** |
| | § | |
| **CENTRAL MUTUAL** | § | |
| **INSURANCE COMPANY AND** | § | |
| **FROST INSURANCE AGENCY,** | § | |
| **INC.** | § | **377th JUDICIAL DISTRICT** |

### DEFENDANT FROST INSURANCE AGENCY, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**FROST INSURANCE AGENCY, INC.** ("Defendant"), Defendant in the above styled and numbered cause, files this Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

## I.
### GENERAL DENIAL

Subject to such stipulations and admissions as may hereafter be made, Defendant assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

## II.
### COMPARATIVE FAULT

The incident complained of in Plaintiff's Original Petition was caused by the negligence and carelessness on the part of Plaintiff, and this was the sole cause or at least a

1

proximate cause of the incident made the basis of this lawsuit.

## III.
## FAILURE TO MITIGATE DAMAGES

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## IV.
## PUNITIVE DAMAGES

For further answer, in the alternative and without waiving any of the foregoing, Defendant pleads that Plaintiff's claim for punitive damages is in violation of the Texas and United States Constitutions and violates due-process rights as well as constitutional guarantees of fundamental fairness, in that:

A.   An award of punitive damages would violate the rights of Defendant to due process and equal protection of the laws, as guaranteed by the United States Constitution and its 14th Amendment, and similar protection afforded by the Texas Constitution;

B.   Subjecting Defendant to a trial on punitive damages allegations regarding this incident would constitute double jeopardy;

C.   Texas Law provides no constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or to give the public, including Defendant, the reasonable and constitutionally required notice of the kind of conduct, which may subject it to sanctions, or of the likely amount of such sanctions. Since scienter is an indispensable element of a criminal charge, Defendant should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible because there are no ascertainable standards other than the whim of a jury.

D.   Texas law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing

2

adequate or meaningful limits to the exercise of that direction. This constitutes a taking without due process of law.

E. No provision of Texas law provides adequate procedural safeguards consistent with the criteria set forth in *Matthews v. Eldridge,* 424 U.S. 319 (1976), for the imposition of a punitive award.

F. The concept of punitive damages, whereby an award is made to private Plaintiffs, not as compensation, but as a windfall incident to the punishment of a Defendant, represents a taking of property without due process of law.

G. Any punitive damages award in this case, and particularly one of the magnitudes sought by Plaintiff, would violate the prohibitions against excessive finds enunciated in the Magna Carta, which is part of the common law of the United States and Texas, and the Eighth Amendment to the United States Constitution.

H. Because punitive damages are quasi-criminal in nature, application of the discovery provisions of the Texas Rules of Civil Procedure would be inappropriate because those rules are not intended to be applied in a criminal proceeding. Defendant therefore moves that the Court limit discovery requests which relate in any way to the Plaintiff's request for punitive damages to that type of discovery which is permitted to be taken from a criminal Defendant pursuant to the Texas Rules of Criminal Procedure.

I. There is a total lack of uniformity, consistency, and predictability in the award of punitive damages. The award is an unfettered, destructive force which erodes any economic stability of society. The public policy against such an award far outweighs any reasonable notion of punishment or deterrents.

J. The threat of punitive damages is a method by which Plaintiff seeks to intimidate Defendant into excessive and unreasonable settlements. This approach clearly violates public policy.

K. Plaintiff is using the threat of punitive damages to inflame and prejudice the jury. This approach clearly violates public policy.

**V.**

3

Should the court decide that punitive damages may be awarded, Plaintiff should be required to show that he is entitled to such damages by a burden of proof of "beyond a reasonable doubt" rather than by a "preponderance of the evidence." Punitive damages are intended to punish, and it is not appropriate for Plaintiff to be allowed to recover such damages by the lower standard of the burden of proof.

## VI.

Should the court decide that punitive damages should be awarded in this case, Plaintiff should be required to show that he is entitled to such damages by "clear and convincing evidence" rather than by a "preponderance of the evidence." Punitive damages are intended to punish, and it is not appropriate for Plaintiff to be allowed to recover such damages by the lower standard of the burden of proof.

## VII.

Should the court decide that punitive damages should be awarded, the damages must be based on a finding on intention, malicious, and conscious criminal conduct by Defendant.

## VIII.
## RULE 193.7 NOTICE OF INTENT TO USE DISCOVERY DOCUMENTS

Pursuant to TEX. R. CIV. P. 193.7, Plaintiff is hereby notified that Defendant shall use any and all documents Plaintiff and Defendant produce in response to any discovery request in all pretrial proceedings and at the time of trial.

## IX.
## PRAYER

FOR THESE REASONS, Defendant **FROST INSURANCE AGENCY, INC.,** prays that Plaintiff takes nothing by way of this suit; that Judgment be entered for Defendant; that Defendant recover costs of Court; and that they have such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

_____

**NICK LANZA**
TBA No. 11941225
**STEW SCHMELLA**
TBA No. 24033041
**sschmella@lanzalawfirm.com**
4950 Bissonnet Street
Houston, Texas 77401
**eservice@lanzalawfirm.com**
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT
FROST INSURANCE AGENCY, INC.**

## **CERTIFICATE OF SERVICE**

 I certify that a true and correct copy of this document was sent to all known counsel of record on the 17th day of September, 2019, as indicated:

   Jeffrey G. Henry   *Via E-Serve: jeff.henry@sprouselaw.com*
   SPROUSE, SHRADER SMITH PLLC
   Las Cimas III
   805 Las Cimas Pkwy, Suite 350
   Austin, Texas 78746

         _____
         **NICK LANZA/**
         **STEW SCHMELLA**

6

Filed 9/17/2019 2:32 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Rhonda Stone

## CAUSE NO. 19-08-84892-D

| | | |
|---|---|---|
| MARY ANN DAVIS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| CENTRAL MUTUAL | § | |
| INSURANCE COMPANY AND | § | |
| FROST INSURANCE AGENCY, | § | |
| INC. | § | 377th JUDICIAL DISTRICT |

## DEFENDANT FROST INSURANCE AGENCY, INC.'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **FROST INSURANCE AGENCY, INC.,** a Defendant in the above-entitled and numbered cause, and hereby demands and makes application for a jury trial to be held on this cause.

A jury fee is being paid consecutively with the filing of this Jury Demand.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

_Nicholas J. Lanza_

_____
**NICK LANZA**
TBA No. 11941225
**STEW SCHMELLA**
TBA No. 24033041
sschmella@lanzalawfirm.com
4950 Bissonnet Street
Houston, Texas 77401
eservice@lanzalawfirm.com
(713) 432-9090 Telephone
(713) 668-6417 Facsimile

**ATTORNEYS FOR DEFENDANT
FROST INSURANCE AGENCY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent to all known counsel of record on the 17th day of September, 2019, as indicated:

Jeffrey G. Henry          *Via E-Serve: jeff.henry@sprouselaw.com*
SPROUSE, SHRADER SMITH PLLC
Las Cimas III
805 Las Cimas Pkwy, Suite 350
Austin, Texas 78746

*Nicholas J. Lanza*

_____

**NICK LANZA/**
**STEW SCHMELLA**

CLERK OF THE COURT
Cathy Stuart
115 N. Bridge, Room 330
Victoria, Texas 77901

ATTORNEY REQUESTING ISSUANCE
Jeffrey G. Henry
805 Las Cimas Pkwy, Ste 350
Austin, Texas 78746

# THE STATE OF TEXAS
## CITATION

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:  CENTRAL MUTUAL INSURANCE COMPANY, MAY BE SERVED BY SERVING ITS DESIGNATED AGENT, CORPORATE CREATIONS NETWORK, INC., 5444 WESTHEIMER ROAD, SUITE 1000, HOUSTON, TEXAS 77056-5318,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 377th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 23rd day of August, 2019 in this case numbered **19-08-84892-D** on the docket of said court, and styled,

MARY ANN DAVIS
VS.
CENTRAL MUTUAL INSURANCE COMPANY AND FROST INSURANCE AGENCY, INC.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 27th day of August, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 8/27/2019 7:51:05 AM

By: _Crystal Hernandez_
Deputy

Rule 106:  "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #19-08-84892-D                              377th Judicial District Court

MARY ANN DAVIS VS. CENTRAL MUTUAL INSURANCE COMPANY AND
FROST INSURANCE AGENCY, INC.

**Address for service: CENTRAL MUTUAL INSURANCE COMPANY, MAY BE SERVED BY
SERVING ITS DESIGNATED AGENT, CORPORATE CREATIONS NETWORK, INC.,
5444 WESTHEIMER ROAD, SUITE 1000, HOUSTON, TEXAS 77056-5318**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____.M. and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying
copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|--------------------------------------------|
|      |      |      |                                            |
|      |      |      |                                            |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____                    _____, Sheriff

                                                  _____ County, Texas

                                    By: _____ Deputy

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT</u>

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified. If the return is signed by a person other than a
sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the
following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and

my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of

_____, 2019.

                              _____
                              Declarant/Authorized Process Server

                              _____
                              (ID # and Expiration of certification)